# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

JOHNNY EUGENE McCLAIN #117427, )
    Plaintiff, )
     )
v. )   Case No.: _____
     )
TENNESSEE BOARD OF PAROLE, )
ROBERTA KUSTOFF (Director), )
TIM GOBBLE, )
M. BEAVERS, )
ZANE DUNCAN, )
BARRETT RICH, )
R. MONTGOMERY, and )
GAY GREGSON, )
    Appellants. )

## 42 U.S.C. §1983 CIVIL RIGHTS COMPLAINT

I.   **Jurisdiction and Venue**

This Court has jurisdiction pursuant to 28 U.S.C. §§1331 and 1343(a)(3) for violations of federal constitutional rights under 42 U.S.C. §1983. Venue is proper in this district pursuant to 28 U.S.C. §139(b) as the events giving rise to this action occurred in the Middle District of Tennessee.

1

## II. Parties

Plaintiff: Johnny Eugene McClain (TDOC #117427), a citizen of the United States currently incarcerated under the Tennessee Department of Corrections, formerly housed at Trousdale Turner Correctional Center (TTCC), a facility operated by CoreCivic contract with the State of Tennessee.

Defendants: All named defendants are being sued in both their individual and official capacities for actions taken under color of state law and in violation of Plaintiff's clearly established constitutional rights. A state actor sued in an official capacity represents the government entity itself (*Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)), while individual capacity claims expose the official to personal liability (*Haver v. Melo*, 502 U.S. 21, 25 (1991)).

## III. Statement of Facts

On 11-19-24, I had a parole hearing and the hearing officer used false information out of my presentencing report which D.A. Nick Bailey had given to the parole interviewer in 1995. And now he appears at my parole hearing 30+ years later to make sure that he doesn't get in trouble for misconduct of placing false information in my presentencing report, such as Case # 92-D-2901 – false information about a parole violation for weapons charge when the board has the right evidence to use. It was a misdemeanor for criminal trespassing. Also, false information about Case # 93-c-1205 – a theft charge which he is trying to get the Board to believe it's aggravated robbery. And he misled trial the judge in 1995 sentencing hearing and the appellate court also.

Also, they used misinformation in the form of Case # L14430 simple assault, which was expunged through pretrial diversion. There is not a guilty plea, so they are violating my 5th and 14th amendment rights per T.C.A. §40-21-106. It's right there in the box. Also this hearing was an appeal hearing from the July 26, 2022 hearing where I appealed a decision for them violating my rights to procedural due process and won parole appeal 04-04-23 for this same reason. But I was NOT (J.m.) given a new

hearing right away per parole rules and regulation.

I wrote the IPPO at Trousdale explaining that I had won my appeal in October 2024, and I was granted a hearing November 19, 2024. But there was a conflict of interest involved. Mrs. Roberta Kustoff was the hearing officer, but she was the one who modified my 07-26-22 hearing making her ineligible per parole rules and guidelines 1100-01-01-08(h), also T.C.A. §40-28-105(d)(11).

Plaintiff also fits every category in Parole Release Decision Making Guide and has met every qualification: no disciplinaries in last 12 months before went up for parole low Strong-R; and met the time set chart requirements of 25.4 years and more – Plaintiff has done 30-plus years and counting day-for-day.

Also, Board members tell falsehoods that I shot Mr. Walsh (victim) because he went on news live and said I did when it's not true. And Board members never let me correct false information in my files and they just keep pleasing the D.A., their friend, by being arbitrary and malicious and fraudulent at every hearing for the last 10 years when they know the truth. They are supposed to be finders of facts not finders of falsehoods; you can see the deliberate bias in the attached evidence. It is ridiculous how they will not let me present evidence to correct misinformation and the games they play.

Tennessee Reentry Program has set guidelines for release, and every eligible inmate has a right to parole unless Board can find a reason not to release, but you cannot use fake information or tell lies. Every inmate has a right to a fair and unbiased Board member, and I'm not receiving this. I have no violent charges and am not the principle offender per T.C.A. §40-35-120, and there is no serious bodily injury per T.C.A. §39-13-403(a)(1) or per T.C.A. §39-11-106(a)(34)(B). *State v. Farmer*, 380 S.W.3d 96. 2012 Tenn. LEXIS 513 (Tenn. Aug. 22, 2012) Look at serious bodily injury. The victim in my Case was released from Number One Trauma Center in the South Vanderbilt Hospital in 12 hours of being shot to drive home all the way back to Pennsylvania after being shot in shoulder no stitches. No kidnapping, no torture, and appellate court use of enhancement of a weapon is element of crime of no

3

hesitation to commit harm, anytime weapon is used but in this case it's an element of crime and I'm explaining to parole commission all the wrong doings of my D.A. did to put me in prison for a long time by committing misconduct.

And it's easy to see because he comes to my hearing 30-plus years later and I don't have a homicide or ever committed a violent crime. He wants to officially oppress me with his parole board friends so they can commit official oppression on me, when they know that the things are not true. The hearing Officer said I had a detainer. I had a ~~bounty~~ (S.M.) bondsman check, and there's no detainer. Also, he lied about me shooting Mr. Walsh.

Parole board members are supposed to be impartial and unbiased. They are never this way with me, so they are violating my procedural due process by not letting me be heard by correcting false information and allowing witnesses to lie when they knowingly know they are being arbitrary and fraudulent and malicious. The reason for denying parole was do what Strong-R states. My Strong-R was Low and it stated nothing for me to do. And they wrote practice positive disciplinary behavior. I haven't had disciplinary since 06-12-23, 18 months before parole, when guidelines and rules say 12 months old disciplinaries you should be released with Low Strong-R. And percentage done day-by-day 30-plus years, my percentage and more. I was only charged with facilitation. And how could I have detainer 11-04-24 as parole board said when I haven't had a disciplinary and been in prison, so the disrespect and lies need to stop with misinformation.

(18 U.S.C. §35) – imparting or conveying false information. Federal Law prohibits knowingly imparting or conveying false information. If false information is knowingly and maliciously and willfully passed to federal board of parole it could be a criminal offense. Making false statements to officials. State or federal laws can criminalize making knowingly false statements to government officials, the right to apply individuals who provide false information to parole boards.

U.S.C. Fed. Rules Crim. Proc. 35; *United States v. Taylor*, 768 F.2d 114; *Franklin v. Shields*, 569

F.2d 784; *United States v. Coyer*, 732 F.2d 196; *Plumaj v. Booker*, 33 F. Supp. 3D 897; *United States v. Cesaitis*, 506 F. Supp. 518, HN12, HN19, HN7, HN8, HN9, HN10, HN11, HN21, HN24. These laws prevent misinformation in parole files; it is a violation of a person's constitutional rights. *Williams v. Parole and Probation Board*, 401 F. Supp. 1371 (WD VA. 1975); *Gratten v. Sigler*, 525 F. 2d 329 (9th Cir. 1975); *Morris v. U.S. Parole Comm.*, 339 F. Supp. 720 (E.D. VA. 1975); *Jackson v. Shields*, 438 F.Supp. 153 (W.D. VA. 1977). Morrissey v. Brewer, 408 U.S. 471 (JEM) Tucker 404 U.S. at 447 (JM), Townsend 334 U.S. at 740-41 (JM)

IV.  **Legal Claims**

Plaintiff's claims are brought under 42 U.S.C. §1983 for violations of the United States Constitution, including:

- Fifth Amendment: Deliberate denial of due process in parole hearing and false accusations and misinformation.

- Fourteenth Amendment: Deliberate denial of procedural due process and inaccurate information in parole files (a typical and significant hardship).

- Eighth Amendment: Cruel and unusual punishment.

- 18 U.S.C. §35: Potential criminal violations, knowingly imparting and conveying false information maliciously and willfully.

- Title VI of the Civil Rights Act of 1964: Discrimination in federally assisted programs.

- Official Capacity Claims: State officials acting under color of law may be subject to injunctive relief and damages. (*Ex Parte Young*, 209 U.S. 123 (1908))

- Individual Capacity Claims: Each named Defendant is personally liable under *Hafer v. Melo*, 502 U.S. 21 (1991).

5 (JEM)

## V. Prison Litigation Reform Act (PLRA) Compliance

Plaintiff exhausted all administrative remedies as required under 42 U.S.C. §1997e(a) by submitting formal appeal through parole board's administrative process. Regarding the denial of procedural due process.

## VI. Relief Requested

Plaintiff seeks the following relief:

Declaratory and Injunctive Relief:

- Immediate removal of any fabricated misinformation in parole files, all expunged, and false charges removed from files and only correct charges on record.
- Not to allow opposition former D.A. Nick Bailey to relay false information at hearing that he has forwarded to parole board and appellate court to illegally give me a harsh punishment at sentencing hearing that violates my constitutional rights but my attorney was ineffective. Allowing him to place false parole violations and false gun charges and false aggravated robbery charges and expunged assault charge for accidental football game where there was never a plea of guilty per 40-21-109.
- Not to allow victim to say that I shot him when that is not true even though he told news media that I did after hearing before all votes were in.
- Immediate new hearing with only facts accurate and no hearing officer telling falsehoods that I shot victim or any incorrect information.

6

Compensatory and Punitive and Nominal Damages:

- $5,000,000 in compensatory damages
- $250,000 against Roberta Kustoff
- $250,000 against Tim Gobble
- $250,000 against M. Beavers
- $250,000 against Zane Duncan
- $250,000 against Barrett Rich
- $250,000 against R. Montgomery
- $5,000,000 in Punitive
- $5,000,000 in Nominal
- $250,000 against Gay Gregson
- $250,000 Director of Board of Parole

And all named Defendants for compensatory, punitive, and nominal damages.

Other relief:

- All named Defendants to be charged with misconduct for false information and official oppression T.C.A. §39-16-403.
- And all opposition charged under 18 U.S.C. §35 false information maliciously or willfully passed to federal board of parole is a criminal offense.

## VII. Jury Demand

Plaintiff demands a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

*Johnny McClain*

Johnny Eugene McClain #117427
T.T.C.C.
140 Macon Way
Hartsville, TN 37074

STATE OF TENNESSEE   )
COUNTY OF TROUSDALE  )

Personally appeared before me, the undersigned authority, a Notary Public in and for the state aforesaid, the within named, Johnny McClain, with whom I am personally acquainted (or prove to be on the basis of satisfactory evidence), and who acknowledged that he executed the aforesaid instrument for the purposes therein contained.

Sworn to and subscribed before me this 4th day of November, 2025.

Notary Public: _____

My Commission Expires: 7/30/2029

[Notary Seal: WM GRADY, STATE OF TENNESSEE NOTARY PUBLIC, COUNTY OF TROUSDALE, My Comm. Expires July 30, 2029]

8

Johnny McClain #117427
T.T.C.C.
140 Macon Way
Hartsville, Tenn. 37074

POSTAGE DUE 1.30





FILED
2025 NOV 17 AM 9:15
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

Jacqueline Mayberry
300 E. Webster St. #I-10
Madison Tenn. 37115