IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHNNY EUGENE MCCLAIN, #117427, | ) | |
| Plaintiff, | ) | |
| v. | ) | NO. 3:25-cv-01331 |
| TENNESSEE BOARD OF PAROLE, et al., | ) | JUDGE RICHARDSON |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Johnny McClain, a state inmate in custody at the Trousdale Turner Correctional Center (TTCC), filed a pro se Complaint for violation of civil rights under 42 U.S.C. § 1983 (Doc. No. 1), together with 71 pages of attachments (Doc. No. 1-1), and paid the civil filing fee.

This case is before the Court for initial review under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A.

**I. INITIAL REVIEW**

**A. Legal Standard**

In cases filed by prisoners, the Court must conduct an initial screening and dismiss the Complaint (or any portion thereof) if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c).

To determine whether the Complaint states a claim upon which relief may be granted, the Court reviews for whether it alleges sufficient facts "to state a claim to relief that is plausible on

its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A viable claim is stated under 42 U.S.C. § 1983 if the Complaint plausibly alleges (1) a deprivation of a constitutional or other federal right, and (2) that the deprivation was caused by a "state actor." *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

At this stage, "the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom," *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 181 (2024) (quoting *Iqbal*, 556 U.S. at 678–79), but is "not required to accept legal conclusions or unwarranted factual inferences as true." *Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan*, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted). The Court must afford the pro se Complaint a liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), while viewing it in the light most favorable to Plaintiff. *Inner City*, *supra*.

**B. Factual Allegations**

Plaintiff alleges that false information was used against him in a November 2024 parole hearing, including information provided by "D.A. Nick Bailey," who appeared at Plaintiff's parole hearing "30 years later" to inform the Tennessee Board of Parole (hereinafter, "Parole Board") "about a parole violation for weapons charge when the [B]oard has the right evidence to use." (Doc. No. 1 at 2.) The Parole Board also used information regarding an assault case that had been expunged through pretrial diversion. (*Id.*) Plaintiff alleges that he "fits every category in Parole Release Decision Making Guide and has met every qualification: no disciplinaries in last 12 months before went up for parole[,] low Strong-R[1]; and met the time set chart requirements of

[1] As discussed later in this Opinion, the STRONG-R is a risk assessment tool used to evaluate, *inter alia*, fitness for parole.

25.4 years and more – Plaintiff has done 30-plus years and counting day-for-day." (*Id.* at 3.) He alleges that the Parole Board is biased against him, in that its members "never let [him] correct false information … [but] just keep pleasing the D.A., their friend, by being arbitrary and malicious and fraudulent at every hearing for the last 10 years when they know the truth." (*Id.*) Plaintiff alleges that victim in his case was not seriously injured "after being shot in shoulder no stitches," while Plaintiff is serving a long sentence despite not have "ever committed a violent crime." (*Id.* at 3–4.)

Plaintiff claims that the Parole Board members are violating his procedural due process rights by not letting him be heard to correct false information, and by allowing witnesses against him to lie. (*Id.* at 4.) He states that he was "only charged with facilitation," does not have a detainer on file, and has not been in disciplinary trouble. (*Id.*) Plaintiff also claims that the parole proceedings have amounted to cruel and unusual punishment under the Eighth Amendment and discrimination under Title VI of the Civil Rights Act of 1964, and have resulted in "[p]otential criminal violations, knowingly imparting and conveying false information maliciously and willfully." (*Id.* at 5.) As relief, in addition to an award of damages (*see id.* at 7), he seeks the removal of "any fabricated misinformation" from his parole files; an injunctive order that, in future parole proceedings, would prohibit D.A. Nick Bailey from providing false information, and would prohibit the victim of Plaintiff's crime from accusing Plaintiff of shooting him "when that is not true"; and an order for an "[i]mmediate hearing with only [accurate] facts … and no hearing officer telling falsehoods that I shot [the] victim or any incorrect information." (*Id.* at 6.)

**C. Analysis**

To begin with, Plaintiff's request for damages for the November 2024 parole denial amounts to an attack on a previous decision related to the duration of confinement, which is

prohibited under *Heck v. Humphrey*, 512 U.S. 477 (1994). *See also Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (reiterating the rule of *Heck* and other related cases, that a prisoner in state custody "cannot use a § 1983 action to challenge the fact or duration of his confinement," as determined under state parole procedures) (citations and internal quotation marks omitted); *Thomas v. Montgomery*, No. 3:23-CV-01204, 2024 WL 3034097, at *1–2 (M.D. Tenn. June 17, 2024) ("Plaintiffs' demand for [declaratory relief] … based on past parole decisions cannot constitute a cognizable Section 1983 remedy under *Heck* and *Wilkinson*," but those cases "do not, however, prohibit prospective injunctive relief against the allegedly unconstitutional practices."). The Court thus moves to a consideration of Plaintiff's claims for prospective relief.

The Complaint seeks prospective relief to remedy an alleged deprivation of procedural due process in Plaintiff's parole proceedings. Such a claim cannot be plausibly stated without an allegation that the plaintiff has been deprived of "a life, liberty, or property interest protected by the Due Process Clause of the Fourteenth Amendment." *Cooperrider v. Woods*, 127 F.4th 1019, 1042 (6th Cir. 2025) (quoting *Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999)). The Constitution does not establish any such interest vis-à-vis release on parole, *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979), nor does "the Tennessee parole scheme … create an expectation that parole will be granted that is sufficient to trigger a constitutionally protected liberty interest." *Swatzell v. Tennessee Bd. of Parole*, No. 3:18-cv01336, 2019 WL 1533445, at *4 (M.D. Tenn. Apr. 9, 2019) (citing *Wright v. Trammell*, 810 F.2d 589, 590–91 (6th Cir. 1987)).

The Sixth Circuit recently reaffirmed that Tennessee inmates do not enjoy a state-created liberty interest in parole determinations, after a review of state statutory changes that became effective in 2021. *Thomas v. Montgomery*, 140 F.4th 335, 342–43 (6th Cir. 2025), *cert. denied sub*

*nom. Thomas v. Kustoff*, 224 L. Ed. 2d 498 (Apr. 20, 2026) ("Considering the statutes governing parole, we conclude that inmates in Tennessee do not have a constitutionally recognized expectation of receiving parole because the statutory scheme does not sufficiently constrain the Board's discretion to deny parole. Consequently, Tennessee does not confer a protected liberty interest on inmates."). Because Tennessee's scheme does not create a protected liberty interest in parole, "even if the Parole Board relied on inaccurate information to deny [Plaintiff] parole," it could not have resulted in any procedural due process violation. *Thompson v. Michigan Parole Bd.*, No. CIVA 06-13430, 2006 WL 3804892, at *2 (E.D. Mich. Dec. 22, 2006) (quoting *Caldwell v. McNutt*, 158 F. App'x 739, 741 (6th Cir. 2006)).

The Sixth Circuit has recognized an exception to this rule in a case where state law, though not creating a liberty interest, "confers a right to accurate parole records," and yet the parole board knowingly relied on false information in the prisoner's parole file. *See Dodson v. Mohr*, No. 21-3778, 2022 WL 3954932, at *3 (6th Cir. July 28, 2022) (citing *State ex rel. Keith v. Ohio Adult Parole Auth.*, 24 N.E.3d 1132, 1137 (Ohio 2014)). Because the Ohio Supreme Court in *Keith* recognized the right to accurate parole records and required that parole decisions not be reliant "on information that the [Ohio Parole Board] knows or has reason to know is inaccurate," *Keith*, 24 N.E.3d at 1137, the Sixth Circuit in *Dodson* determined that a due process claim could be plausibly stated if the plaintiff alleged (1) that the Ohio Parole Board was aware of but failed to correct errors in the record that are "substantive," as that term is defined by the Ohio Supreme Court, and (2) that such errors may have influenced the decision to deny parole. *Dodson*, 2022 WL 3954932, at *3.

However, the unpublished (and therefore non-precedential) decision in *Dodson* does not control in this case. Instead, the published decision in *Thomas* does. In no uncertain terms, *Thomas*

held that "Tennessee does not confer a protected liberty interest [in parole] on inmates," so a procedural due process claim based on parole proceedings cannot be plausibly stated under the present state statutory scheme. *Thomas*, 140 F.4th at 342–43. This result in *Thomas* was reached at the motion-to-dismiss stage, despite the plaintiffs' allegations that the "STRONG-R" computer assessment tool that Tennessee law requires to be used in evaluating fitness for parole "has produced inaccurate results" that are "inconsistent with the inmate's true record and personal history" and that cannot be subpoenaed or otherwise discovered by the prisoner until the hearing is underway. *Thomas*, 140 F.4th at 337–38. The court recognized that "serious issues with STRONG-R" had been identified and that "the lack of opportunity to address the inaccuracies with STRONG-R could demonstrate a lack of due process," before concluding: "Supreme Court precedent, however, precludes us from reaching those due process concerns. Tennessee's statutes do not confer a liberty interest, regardless of plaintiffs' legitimate belief that had their STRONG-R results been accurate, they would have received parole." *Id.* at 343.

Given this controlling decision applicable to Tennessee inmates' procedural due process claims, this Court is bound to find that the Complaint before it fails to state a viable claim based on the alleged use by the Parole Board of inaccurate evidence, including misinformation provided by "D.A. Nick Bailey," to deny Plaintiff parole despite his (allegedly) otherwise strong case for release on parole.[2]

[2] The Court must note that the Tennessee Court of Criminal Appeals (TCCA) affirmed a previous decision of the Parole Board in Plaintiff's case, made after a July 2016 hearing where both the victim and Mr. Bailey testified. *McClain v. Tennessee Bd. of Parole*, No. M2018-00205-COA-R3-CV, 2018 WL 6528693 (Tenn. Ct. App. Dec. 11, 2018). That decision reports that Bailey, one of the prosecutors in Plaintiff's criminal case, "told the Board: "[T]he reason that I'm here 18 years after I left the DA's office is because if there was ever anybody I felt the public needed to be protected from, it is [Petitioner]." *Id.* at *2. The TCCA upheld the denial of parole, rejecting Plaintiff's challenge that "the Board acted fraudulently, arbitrarily, and illegally by denying his parole and basing its decision on falsehoods and immaterial evidence with no reliability." *Id.* at *4. Despite Plaintiff's allegations about the strength of his case for release on parole, this Court believes it likely that various factual allegations in the Complaint under review here (which must be

The Complaint likewise does not adequately allege any violation of the Eighth Amendment or Title VI resulting from the use of inaccurate information in Plaintiff's parole file that he was not allowed to correct. These claims are stated in entirely conclusory fashion (*see* Doc. No. 1 at 5), without the support of "sufficient factual matter, accepted as true," to make the claimed right to relief not just possible, but plausible. *Hill*, 630 F.3d at 470–71; *see also Ryan v. Blackwell*, 979 F.3d 519, 524 (6th Cir. 2020) (requiring "more than labels[,] conclusions, [or] a formulaic recitation" of the elements of a cause of action) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Lastly, Plaintiff's claim for "[p]otential criminal violations" under 18 U.S.C. § 35 is improper under Section 1983. *See Waters v. Thompson*, No. 3:23-CV-01117, 2023 WL 8459005, at *2 (M.D. Tenn. Dec. 6, 2023) ("[T]he decision on whether to pursue criminal charges against an individual is solely within the discretion of the appropriate prosecuting authority; '[a] private individual cannot prosecute a criminal action in federal court, and he cannot sue to compel the state or federal government to investigate or prosecute an alleged crime.'") (quoting *Cureton v. Port Huron Police Dep't*, No. 16-10834, 2017 WL 2904565, at *4 (E.D. Mich. July 7, 2017)); *see also Alvey v. Kentucky Comm'n on Hum. Rts.*, No. 1:20-CV-142-GNS, 2021 WL 1031000, at *3 (W.D. Ky. Mar. 17, 2021) (dismissing "request to press criminal charges" by § 1983 plaintiff).

## II. CONCLUSION

For the reasons given above, the Complaint is **DISMISSED** pursuant to 28 U.S.C.

---

taken as true for purposes of initial review) would face insurmountable hurdles if they were to be compared against the facts found in the 2018 TCCA decision or established by the evidence at Plaintiff's trial. *See State v. McClain*, No. 01C01-9607-CR-00301, 1997 WL 738579 (Tenn. Crim. App. Dec. 1, 1997). For instance, despite his insistence here that he did not shoot the victim and has never committed a violent crime, (Doc. No. 1 at 3–4), it is indisputable that Plaintiff was found criminally responsible for the actions of his co-defendants—one of whom shot the victim—and that he was convicted of facilitation of attempted first-degree murder. *State v. McClain*, 1997 WL 738579.

§ 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted. In light of this outcome, Plaintiff's pending Motion to Appoint U.S. Marshal to Serve Summons (Doc. No. 5) is **DENIED** as moot.

The Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

This is the final order in this action. The Clerk **SHALL** enter judgment under Fed. R. Civ. P. 58(b)(1) and close the file.

IT IS SO ORDERED.

Eli Richardson
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE